UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


**KEVIN MILLER, ET AL.**                         **CIVIL ACTION**


**VERSUS**                                       **No. 06-9535**

**STATE FARM FIRE AND**                          **SECTION: I/3**
**CASUALTY COMPANY**


                           <u>ORDER AND REASONS</u>

   The matter before the Court is a motion to remand, filed on behalf of plaintiffs, Kevin and Kathy Miller. Defendant in this matter is State Farm Fire and Casualty Company ("State Farm").

   This Court has issued extensive opinions on the full range of legal issues regarding motions to remand in Hurricane Katrina insurance litigation. *See, e.g.*, *Bourgeois v. State Farm Fire & Cas. Co.*, No. 06-8037, 2006 WL 3344736 (E.D. La. Nov. 16, 2006); *Rizzuto v. Tully*, No. 06-6883, 2006 WL 3332832 (E.D. La. Nov. 14, 2006); *Jackson v. State Fire & Cas. Ins. Co.*, No. 06-4467, 2006 WL 3332835 (E.D. La. Nov. 9, 2006); *Yount v. Lafayette Ins. Co.*, No. 06-7382, 2006 WL 3240790 (E.D. La. Nov. 7, 2006); *Trosclair v. Security Plan Life Ins. Co.*, No. 06-9220, 2006 U.S. Dist. LEXIS 84100 (E.D. La. Nov. 6, 2006); *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566 (E.D. La. Sept. 20, 2006); *Best v. Independent Ins. Assocs. Inc.*, No. 06-1130, 2006 WL 2710445 (E.D. La. Sept. 19, 2006); *Nash v. Harry Kelleher & Co.*, No. 06-1083, 2006 WL 2644960 (E.D. La. Sept. 14, 2006);

*Smith Lupo Williams Partners v. Carter*, No. 06-2808, 2006 WL 2548255 (E.D. La. Aug. 31, 2006).

After fully considering the law, the facts, and the arguments of all parties, the Court finds that the above cited decisions, when applied to the facts of this case, dictate a remand.[1]  The Court is inundated with motions to remand in cases such as this one, and it is neither in the interest of justice nor judicial economy to issue an extensive, yet repetitive, opinion.  The Court, therefore, incorporates the applicable legal standards and analysis from its prior opinions as though fully written herein.

This Court has previously discussed the applicable standards and analysis for imposing attorney's fees and costs for improper removal.  *See Richmond*, 2006 WL 2710566, at *7.  After fully considering the law, the facts, and the arguments of all parties,

---

[1] The Court notes that, on the facts of this case, it is not facially apparent that plaintiffs' claims exceed $75,000 and defendant has failed to prove by a preponderance of the evidence that the requisite amount for federal jurisdiction is present.  *See Bourgeois*, 2006 WL 3344736 at *2.  Contrary to defendant's assertions regarding the policy value, plaintiffs' petition is ambiguous as to the amount of damages they seek.  At no point in their petition do plaintiffs state that they seek the full policy value.  Plaintiffs also stipulate in their petition, pursuant to La. Code Civ. Proc. art. 893(A)(1), that their damages do not exceed $70,000.  Rec. Doc. No. 1-2, p. 5.
   Plaintiffs' post-removal irrevocable stipulation clarifies the ambiguity in plaintiffs' petition as to the extent of total damages they seek.  *Id.*  In that stipulation by affidavit, plaintiffs state that the total damages they seek, exclusive of interest and costs, do not exceed $75,000.  Rec. Doc. No. 6-5, p. 38.  Plaintiffs expressly renounce any judgment in excess of $75,000, exclusive of interest and costs, and plaintiffs are bound by such stipulation. *See Crosby v. Lassen Canyon Nursery, Inc.*, No. 02-2721, 2003 WL 22533617, at *3 (E.D. La. Nov. 3, 2003) (Vance, J.).  This Court, therefore, lacks diversity jurisdiction and there is no other valid basis for federal jurisdiction over this matter.

the Court will exercise its discretion to deny plaintiffs' request for attorney's fees and costs.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiffs[2] is **GRANTED** and the case is **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard. Plaintiffs' request for attorney's fees and expenses is **DENIED**.

New Orleans, Louisiana, April  25th  , 2007.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[2] Rec. Doc. No. 6.